UNITED STATES DISTRICT COURT

*DISTRICT OF MINNESOTA*

DONALD WALLACE BUTLER,

Plaintiff,

v.

TRACY ANN NELSON, Reshape Treatment Program Counselor at the Minnesota Correctional Facility, St. Cloud, Minnesota,

Defendant.

Civil File No. 00-165 (JMR/FLN)

**ORDER**

Plaintiff, a prisoner at the Minnesota Correctional Facility, St. Cloud, Minnesota, commenced this action on January 21, 2000, by filing a self-styled pleading entitled "Motion For Civil Contempt Of The United States District Court Consent Decree Of September 1973 Court Order." (Docket No. 1.) The Clerk of Court evidently construed Plaintiff's so-called "motion" as an original pleading, because (1) it did not include the caption or case number for any existing case, and (2) it was accompanied by a request for waiver of the statutory filing fee, and for leave to proceed in forma pauperis, ("IFP"). Plaintiff's IFP application, (Docket No. 2), is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements set forth at 28 U.S.C. § 1915(b), which provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. *The court shall assess and, when funds exist, collect, as a partial* payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> (A) the average monthly deposits to the prisoner's account; or

FILED JAN 28 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

(Emphasis added.)

According to this statute, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"), prisoners who are granted IFP status are not excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In the instant case, Plaintiff's IFP application includes a certified statement pertaining to his inmate trust account, (as required by § 1915(a)(2)), which shows that Plaintiff's average monthly deposit during the preceding six months was $35.42, and his average monthly balance during the same period was $6.10. Because the average monthly deposit amount is greater than the average monthly balance, Plaintiff's initial partial filing fee will be twenty percent (20%) of the former amount; i.e., $7.08, ($35.42 x 20%). Pursuant to § 1915(b)(1), Plaintiff must pay that amount as an initial partial filing fee before this action will be allowed to proceed. The remaining balance of the $150.00 filing fee will have to be paid in later installments, as provided by § 1915(b)(2).

The Court also notes that Plaintiff did not use the civil rights complaint form that is available from the Clerk of Court, even though Local Rule 9.3 requires the use of that form for prisoner civil rights actions. Plaintiff will therefore be required to file an Amended Complaint, using the proper form.[1]

Plaintiff must submit his initial partial filing fee of $ 7.08, and he must file his Amended Complaint (on the proper form), by no later than March 1, 2000. If both the required fee and the Amended Complaint have been received by that date, the case will go forward. If that occurs, the Amended Complaint will be "screened" pursuant to 28 U.S.C. § 1915A to determine whether Plaintiff has stated a claim on which relief may be granted. Only if Plaintiff's Amended Complaint survives such screening will the Court

---

[1] In light of the unusual and confusing composition of his current pleading, Plaintiff will be required to use the standard complaint form, even if his action is not, strictly speaking, a civil rights action. The Clerk of Court will be directed to send Plaintiff the proper form with his copy of this order.

grant IFP status and order that a summons be issued and that Defendant be served by the U.S. Marshal. If Plaintiff fails to submit either his initial partial filing fee or his Amended Complaint in a timely manner, he will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall send Plaintiff the complaint form that is to be used for prisoner civil rights actions brought in this District; and

2. On or before March 1, 2000, Plaintiff shall (a) pay an initial partial filing fee of not less than $7.08, and (b) file an Amended Complaint on the form prescribed for prisoner civil rights actions brought in this District; and if he fails to satisfy either (or both) of these requirements in a timely manner, it will be recommended that this action be dismissed without prejudice.

Dated: January 27, 2000

FRANKLIN L. NOEL
Chief Magistrate Judge