UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DONALD WALLACE BUTLER,

Plaintiff,

v.

MCF-St. Cloud's Reshape Program Supervisor ROBERT JUNGBAUER, and Treatment Counselor TRACANNE NELSON,

Defendants.

Civil No. 00-165 (JMR/FLN)

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Minnesota Correctional Facility, St. Cloud, Minnesota, has filed a civil rights action under 42 U.S.C. § 1983 against two state correctional officials. The matter is properly before the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff has failed to state any claim on which relief can be granted. It will therefore be recommended that the action be dismissed pursuant to 28 U.S.C. § 1915A(b).

## I. BACKGROUND

Plaintiff commenced this action on January 21, 2000, by filing a complaint that was accompanied by an application for leave to proceed in forma pauperis, ("IFP"). However, Plaintiff did not submit his complaint on the form prescribed for use in this District, (see Local Rule 9.3), and he did not tender the initial partial filing fee required pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff was given until March 1, 2000, to cure those two defects.

FILED JUN 0 8 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

(Order dated January 27, 2000, [Docket No. 3].) Thereafter, Plaintiff tendered his initial partial filing fee, and filed an amended complaint using the prescribed form. (Docket No. 4.)

On March 29, 2000, Plaintiff filed a motion seeking leave to file another amended complaint. (Docket No. 6.) However, the motion to amend was not accompanied by a copy of the proposed new pleading, (as clearly required by Local Rule 15.1), and the motion was therefore denied. (Order dated April 7, 2000; [Docket No. 7].) Plaintiff was given until May 1, 2000, to resubmit his motion, with his proposed new pleading, and he has now done so. (Docket No. 8.) Plaintiff will be allowed to file his new pleading, (referred to herein as the "Second Amended Complaint"), and it will be accepted as his final pleading in this case.

In his Second Amended Complaint, Plaintiff alleges that Defendant Tracanne Nelson referred to him by using a racial epithet,[1] and also filed a disciplinary report against him. It is further alleged that the charges in Nelson's report were false, and that she tried to substantiate those charges by using certain information that Plaintiff had given to her "confidentially." A hearing was conducted on the charges brought by Nelson, and Plaintiff was found guilty. As punishment, he was given sixty days of "Disciplinary Confinement Time Added." In other words, he lost sixty days of "good time" credit, which caused his prison term to be extended for an extra sixty days. Based on that disciplinary incident, Plaintiff now claims that Nelson violated his constitutional right to due process.

---

[1] The use of a racial epithet, (if that actually occurred), is obviously condemnable; but it does not give rise to an actionable claim for relief under § 1983. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) ("[n]ame calling is not a constitutional violation").

It is not clear why Plaintiff is suing Robert Jungbauer. Plaintiff has alleged only that Defendant Nelson, in some instances, has expelled inmates from prison rehabilitation programs, while acting under her supervisor, Defendant Jungbauer.[2]

In his prayer for relief, Plaintiff asks the Court to enter a declaratory judgment holding that Defendants violated his constitutional rights. He is also asking for compensatory and punitive damages, as well as an injunction that would require Defendants to provide him with all of his "confidential treatment files" and an audiotape from his disciplinary hearing. Finally, he asks the Court to "restore" all of his lost good time credit.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from governmental officers and/or employees of a governmental entity, (i.e., the Minnesota Department of Corrections), his pleading must be screened in accordance with the procedures prescribed by 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every prisoner civil action brought against such governmental defendants "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1).

---

[2] It appears that Plaintiff's claims against Jungbauer are based on the doctrine of respondeat superior, which, of course, is not available in a § 1983 action. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

Here, the action must be dismissed in its entirety pursuant to § 1915A(b)(1), because Plaintiff has failed to state any claim on which relief can be granted. Plaintiff's action is barred under the principles enunciated by the Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Court reiterated that a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action. Habeas corpus is the exclusive federal remedy for a prisoner who believes that he is being wrongfully confined. Id. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Thus, even when a prisoner-plaintiff demands only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483.

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 486-87 (footnote omitted; emphasis added); see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

In the instant case, it is readily apparent that a judgment for Plaintiff would necessarily imply the invalidity of his sentence. Indeed, that is the very essence of

Plaintiff's Second Amended Complaint -- he is contending that his sentence has been unlawfully extended for sixty days as a result of an allegedly unconstitutional disciplinary proceeding. Indeed, part of the relief that Plaintiff is seeking restoration of all of his lost good time credit, which would, in effect, shorten his sentence by sixty days. According to Heck, however, the length of Plaintiff's sentence is a subject that cannot be considered in a federal civil rights action, unless Plaintiff has already established in a proper forum -- i.e., a state or federal post-conviction proceeding -- that his sentence is improper.

Moreover, even if Plaintiff were seeking only money damages, he still could not bring his civil rights action at this time, because a judgment in his favor on his due process claim against Defendant Nelson would necessarily raise doubts about the validity of the Discipline Confinement Time Added and the proper duration of his confinement. See Sheldon, 83 F.3d at 233 ("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").

In short, Plaintiff's present action is premature. He cannot maintain a civil action seeking damages (or injunctive or declaratory relief) for the allegedly wrongful acts that have resulted in an extension of his imprisonment, without first securing an order specifically invalidating the length of his sentence. He must successfully challenge the length of his sentence in a state or federal habeas corpus action before he can recover damages (or any other relief) relating to the disciplinary proceedings that caused his sentence to be extended. Because that pre-condition has not been met, Plaintiff has not stated a claim on which relief can be granted.

Under certain circumstances, Plaintiff's present civil rights action might be construed as an application for federal habeas corpus relief. See Offet v. Solem, 823 F.2d 1256, 1257 (8th Cir. 1987); Feeney v. Auger, 808 F.2d 1279, 1280-81 (8th Cir. 1986). That cannot be done in this case, however, because it does not appear that Plaintiff has exhausted his available state court remedies -- a condition that must be satisfied before a habeas petition can be entertained by a federal court. 28 U.S.C. § 2254(b). For this reason, the Second Amended Complaint cannot be construed as a habeas petition; it must simply be dismissed. The action will be dismissed without prejudice, however, so that Plaintiff will be able to re-file his civil rights claims if the extension of his sentence is invalidated in a state or federal habeas corpus proceeding.

Because Plaintiff's Second Amended Complaint fails to state a claim on which relief can be granted, his "Application To Proceed Without Prepayment of Fees," (Docket No. 2), must be denied. 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the statutory filing fee. 28 U.S.C. § 1915(b).[3] Finally, for purposes of 28 U.S.C. § 1915(g), this action will be "dismissed on the grounds that it is frivolous, malicious, of fails to state a claim upon which relief may be granted."

---

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees" (Docket No. 2) be **DENIED**;

2. Plaintiff be required to pay the unpaid balance of the Court filing fee in accordance with 28 U.S.C. § 1915(b)(2);

3. The action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1); and

4. For purposes of 28 U.S.C. § 1915(g), this action be "dismissed on the grounds that it is frivolous, malicious, of fails to state a claim upon which relief may be granted."

Dated: ~~May~~ June 7, 2000

FRANKLIN L. NOEL
Chief Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by 6-23-00, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.